IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Olga Teslenko, Plaintiff,

**-against-**

Joe Kocsis, CARPET KING AND FLOORING LLC, Carpet King and flooring, Tony Jones, and Tony Jones' Flooring Inspections, Defendants.

**Complaint for a Civil Case**

Case No. ______________

Jury Trial: ☐ Yes ☒ No

RECEIVED
USDC CLERK, COLUMBIA, SC
2026 NOV -9 P 4:15

## I. The Parties to This Complaint

### A. The Plaintiff

| | |
|---|---|
| Name | Olga Teslenko |
| Street Address | 4057 Birchgrove Way |
| City and County | Sacramento |
| State and Zip Code | California, 95826 |
| Telephone Number | (510) 388-2780 |
| Email | osenochen@gmail.com |

Plaintiff Olga Teslenko is a natural person domiciled in California. Plaintiff presently resides at 4057 Birchgrove Way, Sacramento, California 95826, having permanently vacated her former residence in Myrtle Beach, South Carolina.

### B. The Defendant(s)

Defendant No. 1

| | |
|---|---|
| Name | Joe Kocsis |
| Job or Title | Flooring contractor; represented himself as owner of Carpet King and flooring |
| Street Address | 532 Broadway Street |
| City and County | Myrtle Beach |
| State and Zip Code | South Carolina 29577 |
| Telephone Number | 843 934 5464 |
| Email | carpetkingv@gmail.com |

■ Individual capacity ☐ Official capacity

Defendant Joe Kocsis is, upon information and belief, a natural person domiciled in South Carolina. At all relevant times, Kocsis represented himself as the owner of a flooring business known as "Carpet King and flooring," located at 532 Broadway Street, Myrtle Beach, South Carolina 29577.

Defendant No. 2

| | |
|---|---|
| Name | CARPET KING AND FLOORING LLC |
| Job or Title | Limited Liability Company. |
| Street Address | 414 28th Ave N Apt 6 |
| City and County | Myrtle Beach |
| State and Zip Code | South Carolina 29577 |
| Telephone Number | |

☐ Individual capacity ☐ Official capacity

Defendant CARPET KING AND FLOORING LLC is a limited liability company registered in South Carolina, whose registered agent is identified as Joseph Steven Kocsis. Plaintiff contracted with Defendant Joe Kocsis under the business name "Carpet King and flooring," also appearing as "Carpet King and Flooring" in certain documents. Kocsis represented himself as the owner of Carpet King and flooring, solicited and performed the flooring installation under that name, and accepted Plaintiff's payments in connection with the transaction. Plaintiff reasonably believed that the business was CARPET KING AND FLOORING LLC. Following the installation failure, Kocsis stated that he was not the owner and directed Plaintiff to negotiate with his father, who was not a party to the installation contract. Plaintiff alleges, upon information and belief and in the alternative, that Kocsis acted individually, as an agent of CARPET KING AND FLOORING LLC, or on behalf of another person or entity operating the retail store under the name "Carpet King and flooring" or "Carpet King and Flooring." The precise ownership, agency relationships, and identity of the business responsible for the transaction remain unknown to Plaintiff and require discovery.

Defendant No. 3

| | |
|---|---|
| Name | Carpet King and flooring |
| Job or Title | Business and retail store. |
| Street Address | 532 Broadway Street |
| City and County | Myrtle Beach |
| State and Zip Code | South Carolina 29577 |
| Telephone Number | 843 934 5464 |
| Email | carpetkingv@gmail.com |

☐ Individual capacity ☐ Official capacity

Defendant Carpet King and flooring, also appearing as "Carpet King and Flooring" in certain documents, is the retail flooring business operating at 532 Broadway Street, Myrtle Beach, South Carolina, through which Plaintiff paid for her flooring installation. Store employees identified Defendant Joe Kocsis as the owner or manager. Plaintiff made payment at the retail store, and the store's computer system contained Plaintiff's estimate and installation contract. Plaintiff alleges that the retail business participated in the transaction and that Kocsis acted on its behalf. Plaintiff presently cannot determine whether the retail business was operated by CARPET KING AND FLOORING LLC, Joe Kocsis individually, or another person or legal entity. Plaintiff pleads these alternative relationships pending identification of the responsible business operator.

Defendant No. 4

| | |
|---|---|
| Name | Tony Jones |
| Job or Title | Flooring inspector. |
| Street Address | 142 Benjamin Horne Lane |
| City and County | Richlands |
| State and Zip Code | North Carolina 28574 |
| Telephone Number | 910 340 5898 |
| Email | tony_jones04@yahoo.com |

☒ Individual capacity ☐ Official capacity

Defendant Tony Jones is a natural person domiciled in North Carolina. Jones conducted business as a flooring inspector using the names "Tony Jones Flooring Inspections" and "Tony Jones Floor Inspections," with an advertised business address of 142 Benjamin Horne Lane, Richlands, North Carolina 28574.

Defendant No. 5

| | |
|---|---|
| Name | Tony Jones' Flooring Inspections |
| Job or Title | Flooring inspections business. |
| Street Address | 142 Benjamin Horne Lane |
| City and County | Richlands |
| State and Zip Code | North Carolina 28574 |

Telephone Number 910 340 5898

Email tony_jones04@yahoo.com

☐ Individual capacity ☐ Official capacity

Tony Jones Flooring Inspections is a business name used by Defendant Tony Jones in providing professional flooring inspection services, including the inspection and report at issue in this action. Plaintiff alleges that the inspection services were provided under this business identity. The precise legal organization, registration status, ownership, and relationship between Tony Jones Flooring Inspections and Defendant Jones are presently unknown to Plaintiff and require further investigation and discovery. Defendant Tony Jones' Flooring Inspections advertised address is 142 Benjamin Horne Lane, Richlands, North Carolina 28574.

## II. Basis for Jurisdiction

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ■ Diversity of citizenship

1. The Plaintiff

   The plaintiff, Olga Teslenko, is a citizen of the State of California.

2. The Defendants

   The defendant Joe Kocsis is a citizen of the State of South Carolina.

   The defendant CARPET KING AND FLOORING LLC is registered in South Carolina and maintains a registered agent in South Carolina. Plaintiff does not presently know the identities or citizenship of its members and seeks to ascertain that information through jurisdictional discovery.

   The defendant Carpet King and flooring operates in South Carolina; the citizenship of its legal owner or operating entity is presently unknown to Plaintiff.

   The defendant Tony Jones is a citizen of the State of North Carolina.

   The defendant Tony Jones' Flooring Inspections is a citizen of the State of North Carolina.

   Upon information and belief, none of the Defendants, including any members of CARPET KING AND FLOORING LLC and any separate legal entity operating the flooring and retail business Carpet King and

flooring, is a citizen of California. Plaintiff therefore alleges complete diversity of citizenship under 28 U.S.C. § 1332(a)(1), subject to verification of the business entities' ownership and citizenship through discovery.

3. The Amount in Controversy

The amount in controversy is more than $75,000, not counting interest and costs of court, because Plaintiff seeks recovery for alleged independently actionable misconduct and resulting economic and personal injuries, including property-related losses, lost rental income, consequential expenses, and emotional injury to the extent recoverable under applicable law. Plaintiff's preliminary estimate of total damages is approximately $300,000, subject to evidentiary development.

## III. Statement of Claim

### A. Factual Background

1. This action seeks damages for alleged fraudulent misrepresentations, independently wrongful conduct, and coordinated acts by Defendants Joe Kocsis and Tony Jones, acting individually and through the business names Carpet King and flooring and Tony Jones' Flooring Inspections, respectively, resulting in substantial property-related, economic, and personal injuries to Plaintiff.
2. Plaintiff solicited bids from several flooring companies specifically for a glue-down luxury vinyl plank installation at her condominium in Myrtle Beach, South Carolina. Plaintiff contacted Defendant Kocsis, who represented himself as the owner of Carpet King and flooring, and expressly informed him that she was seeking a bid for that specific installation. Kocsis affirmatively represented that he possessed expertise in glue-down installations, visited the premises to take measurements, and emailed Plaintiff his estimate. In selecting Kocsis, Plaintiff relied upon his representations of expertise, the existence and appearance of his retail flooring store, and his inclusion on the HOA management company's list of preferred contractors. Plaintiff also relied upon the fact that CARPET KING AND FLOORING LLC was a duly registered South Carolina flooring company, with Joseph Kocsis listed as its registered agent. Plaintiff accepted his offer on November 2, 2023, paid half the agreed price in advance, and paid the remaining balance upon completion of the installation on November 9, 2023. The flooring began lifting, peeling, and bubbling the following day and detached throughout the installed area within the first two weeks. Plaintiff alleges that Kocsis knowingly and materially misrepresented his intention and expertise in glue-down installations. Plaintiff alleges that these representations and circumstances induced her to enter into the installation contract and entrust the work to Kocsis, whose subsequent material breach caused Plaintiff substantial resulting losses and injuries.

3. During his recorded inspection on November 16, 2023, Kocsis admitted non-compliance with critical installation protocols. He repeatedly proposed localized repairs despite knowledge of fundamental installation failures, but ultimately agreed to refund Plaintiff's payment. Kocsis subsequently reversed that promise and engaged in additional deceptive and coercive conduct, directing Plaintiff to negotiate with his father who was not a party to the contract and whom Plaintiff never met. Plaintiff alleges that Kocsis materially misrepresented the causes of the installation failure and the appropriate means of correcting it. Plaintiff further alleges that Kocsis insisted on localized repairs despite knowing that such repairs would not correct the underlying installation failures and would lead to recurring failures.
4. Plaintiff alleges, upon information and belief and in the alternative, that Defendant Kocsis acted on behalf of CARPET KING AND FLOORING LLC, the retail business Carpet King and flooring, or another person or entity operating that business, also appearing as "Carpet King and Flooring" in certain documents. Plaintiff seeks to hold any legally responsible business operator liable for actionable conduct undertaken by Kocsis within the scope of his actual or apparent authority, to the extent permitted by applicable law.
5. Plaintiff engaged Defendant Jones, a certified professional flooring inspector, who provided inspection services under the business name Tony Jones' Flooring Inspections. On February 2, 2024, Jones performed an inspection of the failed installation. Jones' report identified pervasive non-compliance with the manufacturer's installation instructions. Defendant Jones knew that Plaintiff retained his professional services to document the installation failures for use in anticipated litigation against Defendant Kocsis. Plaintiff informed Jones that she intended to use his report in litigation and described substantial difficulty preparing for court due to her lack of legal experience.
6. On March 21, 2024, Plaintiff informed Defendant Jones that she was preparing to appear in magistrate court without counsel or knowledge of legal procedure. Jones responded by email: "That is a 1/16" gauge. let me know if you need me there. I have court fee process if you need me". Plaintiff replied that she would welcome his attendance but believed she couldn't afford it. Plaintiff alleges that Jones knew she was an inexperienced, unrepresented litigant relying upon his professional inspection report to establish the fundamental violations of installation requirements by Kocsis. Despite that knowledge, Plaintiff alleges that Jones affirmatively misrepresented his attendance as a matter of Plaintiff's preference while concealing the known and foreseeable consequences of his nonappearance for the admissibility and evidentiary use of his report. Plaintiff alleges that Jones's concealment was part of a coordinated effort to undermine Plaintiff's ability to establish Kocsis's violations of the manufacturer's installation requirements. Plaintiff relied upon Jones's misrepresentation and concealment in proceeding without securing his testimony, resulting in the report subsequently being treated as hearsay and Plaintiff being deprived of material evidence supporting her claims.

7. Plaintiff further alleges that Jones subsequently supplied a notarized version of his inspection report that Plaintiff alleges was knowingly noncompliant with applicable court requirements, failed to provide the specific professional certification Plaintiff repeatedly requested, and ceased responding to her requests for correction.

8. Plaintiff alleges that the conduct of Kocsis and Jones, considered together with the surrounding circumstances, strongly supports an inference of intentional coordination to protect Kocsis from liability, shift liability onto Plaintiff and cause further injury to Plaintiff. Plaintiff seeks to establish the existence, scope, and consequences of that alleged agreement through documentary and audiovisual evidence and discovery.

**B. Relationship to Prior State Court Proceedings**

9. Plaintiff previously brought a limited monetary action against Kocsis for material breach of contract, seeking approximately $4,000 for the installation payment and inspection expense. At that time, Plaintiff did not know and could not reasonably ascertain the full extent of the physical damage, necessary remediation, consequential economic losses, and personal injuries. The prior action did not name Jones or Tony Jones' Flooring Inspections.

10. Plaintiff does not seek a second recovery of the original contract payment or federal appellate review of the state-court judgment. Plaintiff seeks relief for independently actionable misconduct and legally recoverable injuries arising from the conduct specifically alleged for the first time in this Complaint.

**C. Resulting Injuries and Damages**

11. Plaintiff alleges substantial injuries and resulting losses arising from Defendants' alleged wrongful conduct, including property-related expenses, loss of rental income, interference with the use and enjoyment of her condominium, and severe emotional distress and personal injury, to the extent recoverable under applicable South Carolina law. Plaintiff's preliminary estimate of compensatory damages is approximately $300,000.

**D. Claims for Relief**

**COUNT I — Fraudulent Misrepresentation (Kocsis)**

12. Plaintiff alleges that Defendant Kocsis knowingly made material misrepresentations concerning his intentions and expertise in glue-down luxury vinyl plank installations, the causes of the installation failure, the necessary method of correcting it, his agreement to refund Plaintiff's payment, and the identity and legal status of the flooring business through which he represented himself and conducted the transaction. Plaintiff further alleges that Kocsis intended to induce Plaintiff's reliance upon those representations, that Plaintiff relied upon them when selecting him for the installation, and that his subsequent misrepresentations caused further injury. Plaintiff possesses documentary and audiovisual evidence supporting these allegations and intends to seek leave to further particularize the representations, circumstances of

reliance, and resulting damages in an amended complaint, as permitted under Federal Rule of Civil Procedure 15.

**COUNT II — Fraudulent Misrepresentation (Jones)**

13. Plaintiff alleges that Defendant Jones undertook professional inspection services with knowledge that his report was intended for use in litigation against Kocsis. Jones knew Plaintiff was unrepresented, unfamiliar with court proceedings, and relying upon his professional findings. Plaintiff alleges that Jones knowingly made material misrepresentations concerning his appearance at trial and deliberately concealed the known and foreseeable consequences of his non-appearance on the evidentiary use of his report, including his March 21, 2024 representation that his attendance was a matter of Plaintiff's preference while concealing that his absence would subject his report to exclusion as hearsay. Plaintiff alleges that Jones intended Plaintiff to rely on his representations and concealment. Plaintiff relied upon Jones's representations and concealment in proceeding without securing his testimony, and his report was subsequently treated as hearsay, depriving Plaintiff of material evidence supporting her claims. Plaintiff possesses documentary and audiovisual evidence supporting these allegations and intends to seek leave to further particularize the representations, circumstances of reliance, and resulting damages in an amended complaint, as permitted under Federal Rule of Civil Procedure 15.

**COUNT III — Civil Conspiracy (Kocsis and Jones)**

14. Plaintiff alleges that Defendants Kocsis and Jones engaged in coordinated wrongful conduct intended to shield Kocsis from responsibility for the installation failure and contractual violations, shift responsibility onto Plaintiff, and cause injury to Plaintiff. Plaintiff alleges that the circumstances surrounding their respective conduct, including Kocsis's alleged misrepresentations concerning the installation failure and Jones's alleged misrepresentations concerning his appearance at trial and concealment of the consequences of his nonappearance, strongly support an inference of an agreement to engage in concerted action. Plaintiff possesses evidence supporting these allegations and intends to seek additional particulars concerning the scope and execution of the alleged agreement through discovery.

**COUNT IV — Intentional Infliction of Emotional Distress (Kocsis and Jones)**

15. Plaintiff alleges that Defendants Kocsis and Jones engaged in intentional or reckless misconduct that, considered individually and cumulatively, was extreme and outrageous, including deceptive representations and coercive conduct undertaken with knowledge of, or reckless disregard for, Plaintiff's vulnerability, disability, and distress. Plaintiff alleges that Defendants' conduct caused her severe emotional distress and personal injury, substantially exceeding the distress ordinarily associated with a contractual dispute or installation failure.

**E. Evidence and Amendment**

16. Plaintiff possesses documentary, photographic, audiovisual, and other evidence supporting the factual allegations and will present such evidence in accordance with the Federal Rules of Civil Procedure and the orders of this Court.

17. Plaintiff intends to seek leave to amend this Complaint pursuant to Federal Rule of Civil Procedure 15, including to supplement factual allegations, clarify existing claims, and assert additional claims supported by the evidence and applicable law. Plaintiff further intends to particularize the alleged fraudulent misrepresentations, including the specific statements, dates, circumstances, persons involved, Plaintiff's reliance, and resulting injuries, with reference to documentary, electronic, and audiovisual evidence, in accordance with Federal Rule of Civil Procedure 9(b).

18. **Filing to Preserve Claims Before Expiration of the Statute of Limitations. Plaintiff files this Complaint at this time to preserve her claims before the anticipated expiration of the applicable statute of limitations.** Due to the imminent limitations deadline, Plaintiff is unable to fully particularize all allegations and supporting circumstances before filing, notwithstanding her possession of substantial documentary, electronic, photographic, and audiovisual evidence. Plaintiff submits this Complaint based upon the facts presently alleged and the evidence available to her, and expressly intends to seek leave to amend pursuant to Federal Rule of Civil Procedure 15 to provide further factual particulars, including those relevant to Federal Rule of Civil Procedure 9(b), as promptly as practicable. Plaintiff does not intend to abandon or waive any claim or factual allegation solely because additional particulars cannot be included before the imminent filing deadline.

## IV. Relief

Plaintiff respectfully requests that the Court enter judgment in her favor against Defendants, as supported by the evidence and applicable law, and award the following relief:

1. **Compensatory damages** for property damage, reasonable remediation and replacement expenses, loss of rental income, loss of use and enjoyment of Plaintiff's condominium, and other consequential economic losses caused by Defendants' independently actionable misconduct.

2. **Compensatory damages for personal injuries**, including severe emotional distress, physical illness, aggravation of existing health conditions, and reasonably necessary medical expenses, to the extent proximately caused by Defendants' wrongful conduct and recoverable under applicable law.

3. **Punitive damages.** Plaintiff requests punitive damages against each Defendant whose actionable conduct is proven to have been willful, wanton, or reckless, in an amount determined by the trier of fact and permitted by South Carolina law.

4. **Continuing Property Damage and Consequential Losses.** Plaintiff alleges that the failed glue-down flooring installation left the concrete subfloor exposed and covered with residual adhesive, which contributed to cold and dampness within the premises,

interfered with the condominium's habitability and intended use, and necessitated additional subfloor preparation, including removal of residual adhesive, before replacement flooring can be properly installed. Plaintiff seeks compensation for the reasonable costs of necessary remediation, continuing loss of use, lost rental income, and any related physical and emotional injuries and expenses proven to have been proximately caused by Defendants' actionable misconduct.

5. Amount requested. Plaintiff presently estimates her compensatory damages at approximately $300,000, excluding any punitive damages requested separately, subject to amendment and proof. The categories of actual damages include necessary property remediation, lost rental income, other consequential economic losses, and legally recoverable personal injuries. The precise allocation and calculation of these damages require further documentation and assessment.

6. **Costs and other relief.** Plaintiff requests taxable litigation costs, applicable pre- and postjudgment interest, and such other relief as the Court determines appropriate under applicable law.

Plaintiff does not seek duplicate recovery of the flooring installation payment previously sought in state court.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Nov. 7, 2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Olga Teslenko

Address 4057 Birchgrove Way, Sacramento, CA 95826
Telephone Number (510) 388-2780
E-mail Address osenochen@gmail.com